Keith and Vaiden *v.* Jolly et al.

KEITH and VAIDEN, Administrators, &c. *v.* WM. JOLLY et al.

The statute provides, (Hutch. Co. 66,) that upon a guardian executing bond, the probate court may order the ward's estate to be delivered to the guardian. *Held*, that the guardian may proceed, by petition in his own name in the probate court, to obtain possession of his ward's estate.

The offer to execute a refunding bond is sufficient, and the administrators were not bound to make a distribution of the estate until such a bond should have been executed.

*Quære*,—How far is the statute (Hutch. Co. 665, § 91) imperative and binding upon the probate court, to cause distribution to be made of estates of decedents at the end of twelve months from the grant of letters of administration?

Under the circumstances, the administrators ought to have been compelled to make distribution of the estate, as prayed for, upon the execution of refunding bonds to them by the distributees.

IN error from the probate court of Panola county; Hon. Orville Harris, probate judge.

The facts of the case are sufficiently stated in the opinion of the court.

*D. Mayes* for appellants.

A guardian suing to enforce the rights of his ward, must sue in the name of his ward. *Longstreet* v. *Tilton*, Cox, R. 38; *Caskadden* v. *McGhee*, 7 Watts & Serg. 140; *Sutherland* v. *Goff*, 5 Porter, 508; *McLeod* v. *Mason*, 5 Porter, 223.

The ward is not bound by the proceedings, being no party to the record. *Hoare* v. *Harris*, 11 Ill. R. 24; *Tobin* v. *Addison*, 2 Strobh. 3.

A guardian is the mere agent of the ward, having an authority not coupled with an interest. *Granby* v. *Amherst*, 1 Mass. 1; *Mason* v. *Feltons*, 13 Pick. 206.

A guardian must show how he acts in that compacity, and that those for whom he acts are infants, and if he omits to do so, it is fatal on demurrer. *Stanly* v. *Chappell*, 8 Cow. 235; *Brooks* v. *Sullivan*, 1 Rice, 41. Unless he shows a legal appointment as guardian, his right to the thing demanded will not appear, and that is part of his title.

Keith and Vaiden *v.* Jolly et al.

*Adams* and *Freeman*, for appellees,
Cited, in reply, *Murdock* v. *Washburn*, 1 S. & M. 555.

Mr. Justice FISHER delivered the opinion of the court.

The appellee, as guardian of certain minors, distributees of the estate of William Jolly, deceased, filed this petition in the probate court of Panola county, praying distribution of said intestate's estate.

The appellants, the adminstrators of said estate, set up, as a defence in their answer, that the estate is indebted to certain attorneys who have rendered professional services to the administrators, in defending a suit brought against the intestate in his lifetime, for about $5,000, in the United States court at Pontotoc; and revived since his death against the appellants. That a judgment was recovered against them at the June term, 1851, of said court; and that a bill has been filed therein to subject the money in their hands to the payment of said judgment, which bill is still pending.

The court allowed the administrators to retain in their hands, money sufficient to satisfy the small debts by them admitted to be owing; but decreed distribution as to the residue of the estate.

The first objection urged in argument is, that the petition is filed in the name of the guardian, when it is said it should have been in the name of the distributees by their guardian, &c.

The statute says, that upon the guardian's executing a bond, the court may order the ward's estate to be delivered to the guardian, &c. Revised Code, 66.

Independent of the unequivocal language of the statute, it is to our minds equally clear upon principle, that the guardian may proceed by petition in his own name, in the probate court, to obtain possession of his ward's estate. His ward is an infant, and therefore cannot execute such a refunding bond as the administrators would be authorized in taking. The guardian is the only person who can execute a legal acquittance to the administrators, on their making distribution. They cannot make a legal payment of money or delivery of property to the ward. The guardian is the person, by law, to manage the

Keith and Vaiden *v.* Jolly et al.

estate; and it is part of his duty to obtain possession of it, as soon as the law will permit him to acquire it. For these and other equally conclusive reasons, we are of opinion, that the petition was correctly filed in the name of the guardian. Indeed, we are of opinion, that it is immaterial whether it is filed in his own name, or, as contended by counsel, in the name of the distributee, as the guardian is, in either case, the substantial party, to whom the administrators must make payment.

We are of opinion in regard to the second point, that the offer to execute the refunding bond is sufficient. The administrators are not bound to make distribution till it shall have been executed. We are also of opinion, that the bond is intended to protect the administrators against debts which may thereafter be legally established against the estate, whether such debts were, at the time of the distribution, known or not to the administrators.

In deciding upon the last point, that the administrators ought not to be required to make distribution when it appears that the whole estate may be consumed in paying the debts, set forth in the answer, we do not intend to intimate how far the statute, Hutch. Code, 665, sec. 91, is imperative and binding upon the court, to cause distribution to be made, if desired, at the end of twelve months from the grant of letters of administration. We are conscious of the evil that might result from a hasty or ill considered construction of this statute; and we therefore prefer leaving its construction an open question for the present, and deciding the present case on its own peculiar circumstances.

Jolly, the intestate, died early in the year 1847. The debt set up by the administrators as a defence to the petition, was sued on in his lifetime. It has ever since been in litigation. The judgment recovered at the June term, 1851, of the United States court at Pontotoc, is now in litigation on the chancery side of that court. It is not stated or shown when this litigation will have an end.

Under this state of case, the court would hardly permit the administrators to keep the money idle in their hands. They would, according to their own showing, be chargeable with interest,.otherwise it might suit their convenience to protract the

litigation, if in their power, to an unreasonable length of time, to the great injustice either of an honest creditor or of the distributees.

However blameless, therefore, the administrators, in fact, may be, and however honestly they may continue to act, the rule must be laid down, so as to prompt others performing like trusts, to a faithful and energetic discharge of their duties; and not to encourage them in speculating upon the estate.

Considering, then, the time which has elapsed since the grant of letters of administration; that it is not shown when the litigation will probably end, or intimated how it will or ought to result; that the administrators would be chargeable with interest, and that they have it in their power to take ample security before paying over the money, we are of opinion, that the court, in the exercise of a sound discretion, has not committed an error which requires correction at the hands of this court.

We, therefore, affirm the decree.